IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES REYNOLD DAUBITZ, III, § <br> #01712690, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> DIRECTOR, TEXAS DEPARTMENT OF § <br> CRIMINAL JUSTICE, CORRECTIONAL § <br> INSTITUTIONS DIVISION DIV., § <br> RESPONDENT. § | CIVIL CASE NO. 3:21-CV-2417-C-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Charles Reynold Daubitz's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, Daubitz's habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I. BACKGROUND**

On July 25, 2016, Daubitz pled guilty to delivery of a controlled substance to a child, enhanced by a prior conviction, and was sentenced to 20 years' imprisonment. *Daubitz v. State*, No. 40600CR (40th Jud. Dist. Ct., Ellis Cnty., Tex., July 25, 2016); Doc. 3 at 1. He did not file a direct appeal and, subsequently, unsuccessfully sought state habeas relief. *Ex parte Daubitz*, No.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

WR-92,850-01 (Tex. Crim. App. Aug. 25, 2021).² On October 1, 2021, Daubitz filed this *pro se* habeas case, alleging actual innocence and ineffective assistance of counsel. Doc. 3 at 5, 7.

As his federal petition appeared untimely, the Court directed Daubitz to respond regarding the application of the one-year limitations period. Doc. 5. To date, however, he has failed to do so. That notwithstanding, a review of the petition reveals it is indeed barred by the applicable statute of limitations.

**II. ANALYSIS**

**A. One-Year Statute of Limitations and Statutory Tolling**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Daubitz does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").

Because Daubitz did not pursue a direct appeal, his conviction became final on August 24, 2016—30 days after the July 25, 2016 judgment. *See* TEX. R. APP. P. 26.2(a)(1). The federal limitations period expired one year later, on August 24, 2017. And because Daubitz did not sign

---

² The Court of Criminal Appeals docket sheet is available at
https://search.txcourts.gov/Case.aspx?cn=WR-92,850-01&coa=coscca (last accessed January 24, 2022).

his state application until May 22, 2021, over three and one-half years after the federal limitations period elapsed, he is not entitled to statutory tolling during its pendency.[3] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the petition *sub judice*, deemed filed on September 17, 2021, is clearly outside the one-year limitations period, absent equitable tolling.[4]

### B.  Equitable Tolling

Daubitz's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)); *Menominee Indian Tribe of Wis. v. United States*, 570 U.S. 250, 257 (2016) ("[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control") (emphasis in original). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). It is well established

---

[3] The state application is deemed filed on May 22, 2021, the date on which Daubitz indicated it was signed and, therefore, likely it was also handed to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); *see also Ex parte Daubitz*, No. WR-92,850-01, *Application for Writ of Habeas Corpus* enclosed with the electronic state court record obtained from the Texas Court of Criminal Appeals.

[4] For purposes of this recommendation, the federal petition is deemed filed on September 17, 2021, the date Daubitz certifies placing it in the prison mail system. Doc. 3 at 15; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

Furthermore, this is not a case in which Daubitz pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. Daubitz waited more than three and a half years from the date his conviction became final to file his state habeas application and delayed more than 20 days after his state application was denied before he submitted his federal petition for mailing. Moreover, his *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Daubitz asserts that he suffers from "mental illness" and, as such, he was "incapable of the inferential thinking necessary to complete a federal habeas form." Doc. 3 at 13-14. He avers that he (1) was hospitalized for "seizure related activity" in 2015, (2) suffered seizure episodes from 2016 to 2020, and (3) was prescribed psychotropic medications. *Id.* In support, Daubitz submits excerpts from his prison medical records to support his seizure episodes and medications. Doc. 3 at 29-33; Doc. 3-1 at 1-11. Also, he includes a *Forensic Psychological Evaluation* from July 15, 2016, which concluded he was competent and sane at the time of the alleged offense and during the criminal proceedings. Doc. 3 at 28 ("[T]he defendant was aware that his conduct was wrong and that he does not have any significant mental illness that would

have impacted his decision-making and his ability to know the difference between right and wrong.").

While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam). Moreover, unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Id.* The mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id.; see also Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (per curiam) (affirming denial of equitable tolling based on mental condition where petitioner was stable and capable of filing his petition for a period that lasted over one year).

Here, Daubitz has proffered nothing to demonstrate that, during the one-year period, he suffered from a mental illness that prevented him from pursing his legal rights. Even assuming Daubitz suffered from a mental health condition during the one-year period, there is nothing in the record, apart from his self-serving assertions, to suggest that his condition rendered him unable to pursue his legal rights, namely timely filing his federal habeas petition. *See Crawford v. Davis*, No. 3:18-CV-1486-B-BK, 2018 WL 7078540, at *2 (N.D. Tex. Dec. 27, 2018), R. & R. accepted, 2019 WL 266886 (N.D. Tex. Jan. 18, 2019) (collecting cases declining equitable tolling based on vague, unsupported, self-serving, allegations that mental health issues prevented the petitioner from seeking habeas relief during the one-year period).

Consequently, Daubitz has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### C. Actual Innocence

Despite his guilty plea, Daubitz also raises a claim of actual innocence. However, his assertions are unavailing. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a petitioner must present "new reliable evidence," *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018)—namely "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Perkins*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

While other circuit courts are split on the issue, the Court of Appeals for the Fifth Circuit has yet to weigh in on what constitutes "new reliable evidence" but has determined what does not. *See Hancock v. Davis*, 906 F.3d 387, 389-90 & n.1 (5th Cir. 2018). Simply stated, "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Id.* at 390; *Tyler v. Davis*, 768 F. App'x 264, 265 (5th Cir. 2019) (per curiam) ("[I]nformation … known by and available to [the petitioner] and trial counsel at or before trial … did not qualify as new evidence for purposes of *Schlup* and Perkins."); *Pedder v. Lumpkin*, 859 F. App'x 697, 698 (5th Cir. 2021) ("The information . . . was within reach of [the petitioner's] personal knowledge and reasonable investigation . . . given his working or family relationships . . . [and] employ[ment] at the business . . . .").

Daubitz premises his actual innocence claim exclusively on his February 4, 2020 discovery that the state never tested the controlled substance he was convicted of possessing. Doc. 3 at 5. He avers that he would not have pleaded guilty had he known that fact. Doc. 3 at 7. Nothing in the record supports Daubitz's belated, self-serving assertion, however, especially in light of his judicial confession to the offense of conviction. Indeed, the State asserted in response to Daubitz's state habeas application that defense counsel affirmed that the methamphetamine seized by the police was tested. Doc. 3 at 19. In any event, Daublitz's purported *lack of knowledge* regarding the absence of laboratory testing is not evidence of his actual innocence; that is, does not "'show that it is more likely than not that no reasonable juror would have convicted him in the light of [it].'" *Perkins*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In sum, even when liberally construed, Daubitz's arguments are not supported by new, reliable evidence that was not available when he pled guilty. Accordingly, the actual innocence exception is inapplicable under the facts of this case, and his petition should be dismissed as time barred.

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on January 31, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).